Athanas **MIHADAS**, d/b/a Meineke Discount Mufflers/Brake, Appellants,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 1999.

Decided Nov. 22, 1999.

Anthony A. Logue, Erie, for appellant.

Elaine N. Blass and Timothy P. Wile, Harrisburg, for appellee.

Before COLINS, J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Athanas Mihadas, d/b/a Meineke Discount Mufflers/Brakes (Mihadas) appeals from an order of the Court of Common Pleas of Erie County (trial court), dismissing his appeal from an order of The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT), which suspended his certificate of appointment as an official safety inspection station and his certification as an official safety mechanic. We affirm.[1]

---

1. Final orders of DOT suspending certificates of appointment to operate an official inspection station pursuant to 75 Pa.C.S. § 4724(b) are initially appealable to the courts of common pleas, with secondary review by the Commonwealth Court. 42 Pa.C.S. § 933.

On May 8, 1998, a 1987 Pontiac Sunbird (vehicle) owned by Alice Flemmings (Flemmings) was taken to the Meineke Discount Mufflers/Brakes station (station) owned by Mihadas. Flemmings arranged for Mihadas to repair numerous problems with the vehicle and to do whatever was needed, including an inspection. On June 4, 1998, after several previous unsuccessful attempts to arrange a time to pick up the vehicle, Flemmings was informed that the vehicle was ready.

After arriving at the station, Flemmings saw Michael Welsch (Welsch), the manager of the station, scratch the 1997 inspection sticker off of the vehicle and replace it with a 1998 inspection sticker. At this time, Welsch was not a certified inspection station mechanic. Additionally, Welsch informed Flemmings that the vehicle needed a replacement speedometer. He stated that a replacement speedometer was not currently available, but would be available on June 8, 1998. Flemmings understood that if she failed to return the vehicle to the station for the speedometer, she would have to forfeit the vehicle and pay fines and the remaining balance to Mihadas. Flemmings signed a statement memorializing this agreement.

The next day, Flemmings noticed that the vehicle was running poorly. Flemmings filed a complaint with Consumer Protection against Mihadas and the station and then contacted the Pennsylvania State Police (State Police). The State Police arranged for Flemmings to have the vehicle reinspected at a service station by the name of Briggs and Hagenlocher (Briggs). The vehicle failed the inspection conducted by Briggs' certified safety inspection mechanic, Andrew Wells (Wells). Wells documented ten defects that resulted in the vehicle's failure to pass inspection. These defects would have existed on June 4, 1998, the date the vehicle was allegedly inspected by Mihadas.

Additionally, on June 15, 1998, Officer Frederick Mercer (Mercer) reinspected the vehicle. Mercer is a former State Police Officer and is currently a Quality Assurance Officer with Protectaire, a company under contract with DOT to provide for the administration and supervision of all official inspection stations. Mercer found many of the same defects found by Wells, as well as several others. Mercer removed the vehicle's inspection sticker which had been signed by Mihadas. Upon further investigation of the vehicle's inspection by Mihadas, Mercer discovered numerous inconsistencies and inaccuracies in the inspection forms completed at Mihadas' station.

Subsequently, on September 30, 1998, DOT imposed a one year suspension on Mihadas' certificate of appointment as an official safety inspection station for providing a faulty inspection of the vehicle. Additionally, DOT imposed a two-month suspension on Mihadas' certificate of appointment as an official safety inspection station for improper record keeping and the lesser included offense of careless record keeping. These suspensions were to run concurrently, for a total suspension of one year.

Also on September 30, 1998, DOT imposed a two-month suspension on Mihadas' certification as an official safety inspection mechanic for faulty inspection of the vehicle. DOT also imposed a two-month suspension on Mihadas' certification as an official safety inspection mechanic for faulty record keeping and the lesser included offense of careless record keeping. These suspensions were to run concurrently, for a total suspension of two months.

Final orders of DOT relating to certification of inspection mechanics under 75 Pa.C.S. § 4726(c), on the other hand, are not appealable to the courts of common pleas pursuant to 42 Pa.C.S. § 933. Accordingly, appeals from these orders are properly taken directly to the Commonwealth Court. Nevertheless, we note that this issue was not raised below; thus, it has been waived and the jurisdiction of this Court has been perfected. *See* Section 704 of the Judicial Code, 42 Pa.C.S. § 704.

Thereafter, on October 22, 1998, Mihadas appealed DOT's suspensions of his certificate of appointment as an official safety inspection station and certification as an official safety inspection mechanic to the trial court.[2] Additionally, Mihadas filed a request for supersedeas which was granted by the trial court.

Subsequently, the trial court held a *de novo* hearing on the matter. Mihadas testified on his own behalf and presented the testimony of Vito Randazzo, a certified inspection station mechanic of fifteen years, and Welsch. DOT presented the testimony of Flemmings, Wells and Mercer.

By order dated March 31, 1999, the trial court dismissed Mihadas' appeal. On April 20, 1999, Mihadas filed the instant appeal with this Court. Thereafter, on June 10, 1999, the trial court issued an opinion in support of its March 31, 1999, order. The trial court stated that it found the testimony of the witnesses presented by Mihadas to be not credible. Further, the trial court found the evidence presented by DOT to be overwhelming in support of its case that Mihadas had conducted a faulty inspection and engaged in improper record keeping. Thus, the trial court explained that DOT had sustained its burden of proof.

■ On appeal to this Court,[3] Mihadas contends that the trial court erred in denying his appeal. Specifically, Mihadas argues that the trial court erred when it permitted Officer Frederick Mercer to testify as an expert.

■ This contention is unavailing. The law is well-settled that whether a witness may be permitted to testify as an expert is a decision that is within the sound discretion of the trial court. *Bennett v. Graham*, 552 Pa. 205, 714 A.2d 393

(1998). Such decisions will not be disturbed on appeal without a showing of abuse of discretion by the trial court. *Id.* Additionally, the law is settled that in order to qualify as a expert in a given field, a witness must have a reasonable pretension to specialized knowledge on the subject matter in question. *Id.*

■ Here, a thorough review of the record reveals that Officer Frederick Mercer had experience, education and training which rendered him capable of rendering opinions relating to inspection violations, the requirements of DOT's safety inspection regulations and other vehicle safety inspection matters. (R.R. at 32a–34a). Thus, we cannot say that the trial court abused it's discretion when it implicitly determined that Mercer had specialized knowledge and qualified him to testify as an expert regarding vehicle safety inspections.

Next, Mihadas asserts that the trial court erred when it considered the weight of the evidence. Specifically, Mihadas argues that the trial court failed to properly consider the weight of his testimony as well as that of his witnesses and, in so doing, shifted the burden of proof to him.

■ We do not agree. The law is well-settled that questions of credibility and the resolution of conflicts in the evidence presented are within the province of the trial court. *Incarvite v. Department of Transportation, Bureau of Driver Licensing*, 732 A.2d 39 (Pa.Cmwlth.1999). Furthermore, if such findings by the trial court are supported by competent evidence this Court will not disturb them on appeal. *Id.* In the instant case, the record reveals that the trial court resolved questions of credibility in favor of DOT. (R.R. at 88a). Furthermore, the trial court found the tes-

---

**2.** We note that these two matters were consolidated on appeal to the trial court.

**3.** Our review is limited to a determining whether the trial court's findings of fact are supported by competent evidence and wheth-

er it committed an error of law or abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Driver Licensing v. DiMichele*, 133 Pa.Cmwlth. 496, 575 A.2d 678 (1990).

timony presented by Mihadas regarding details of the vehicle's inspection, as well as the way such was carried out and documented, to be *not* credible. (R.R. at 88a). It was within the discretion of the trial court to make such credibility determinations and the record as a whole shows support therefor. (R.R. at 5a–85a). As such, we cannot say that the trial court erred when it considered the evidence and found the testimony of Mihadas and his witnesses to be not credible.

■ Finally, DOT asserts that Mihadas' appeal is frivolous and requests the imposition of reasonable attorneys fees pursuant to Pa. R.A.P. 2744. Specifically, DOT contends that because Mihadas' appeal merely challenges the trial court's discretion to make credibility determinations, findings of fact and admit expert testimony, the appeal is frivolous and the imposition of counsel fees proper.

We do not agree with DOT's assessment that Mihadas' appeal is frivolous. This Court has defined a frivolous appeal as one in which "no justiciable question has been presented and ... [that] is readily recognizable as devoid of merit in that there is little prospect of success." *Hewitt v. Com-*

*monwealth of Pennsylvania,* 116 Pa. Cmwlth. 413, 541 A.2d 1183, 1184–1185 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989).

Mihadas' basis for this appeal is that the trial court erred in permitting a witness to testify as an expert and in failing to properly consider the evidence he presented. Although we conclude that Mihadas' assertions are not persuasive, we do not believe that his appeal was frivolous. Thus, DOT's request for attorney's fees must be denied.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 22 nd day of November, 1999, it is hereby ordered that the order of the Court of Common Pleas of Erie County is AFFIRMED.