## Tirado v. Lehigh Valley Hospital

C.P. of Lehigh County, no. 1997-C-2100V.

*Nancy H. Fullam* and *David Felderman,* for plaintiffs.

*Richard F. Stevens,* for defendants.

FORD, *J.,* March 14, 2000—This is a medical malpractice action which arose out of alleged negligent treatment by the defendants to plaintiff, Maritza Tirado, during the delivery of her son, Richard A. Santiago Jr., the decedent.

Defendant, Crystal Singleton M.D., is alleged to have been one of the physicians involved in the delivery of the child who died days after the birth.

Plaintiffs served a request for production of documents upon defendant, Dr. Singleton, on April 6, 1998. In pertinent part, the request reads that Dr. Singleton should produce "any and all documents and records pertaining to examinations, treatment and any other medical attention precipitated by or occurring after the alleged negligence of defendant which is the basis of plaintiffs' complaint."

On September 9, 1998, counsel for plaintiffs was in the process of deposing defendant Dr. Singleton. In the course of the deposition, counsel for plaintiffs asked Dr. Singleton, "Did you make any notes or record about what happened that night anywhere other than in the patient's chart?" Dr. Singleton proceeded to describe her preparation of the seven-page document which was marked Singleton exhibit 1 at that deposition. Dr. Singleton prepared the report within one week of the birth of the child. 9/9/98 Singleton N.T., pp. 36-38.

Plaintiffs' counsel made a request for a copy of the document. Defense counsel refused to give the copy, except for the first page and a portion of the second page, claiming that the rest was confidential as a peer review document. The deposition was then discontinued.

The plaintiffs filed a motion to compel production of Singleton exhibit 1. Defendants requested an evidentiary hearing. We attempted to resolve the issue by argument only. That resulted in our order of December 29, 1999, denying the motion to compel without prejudice, pending an evidentiary hearing.

On March 1, 2000, an evidentiary hearing was conducted at which defendant, Dr. Singleton, who prepared

the report, testified by speaker phone in the courtroom. Dr. Roger Atlas, who was the assistant resident director for obstetrician and gynecological residents at Lehigh Valley Hospital at the time that the alleged negligence occurred, also testified by speaker phone. Both of the witnesses were located out of state when their testimony was taken. The following pertinent facts were developed at hearing.

Dr. Singleton was an Ob-Gyn resident at Lehigh Valley Hospital on January 25, 1996, when the birth took place. She is alleged to have been one of the physicians involved in the problematic delivery. Dr. Atlas, one of the directors of the program, was not involved in the delivery. However, within one week of the incident, he asked Dr. Singleton to write a summary for peer review purposes. As Dr. Atlas explained, the summary would be to analyze the case within the department.

Dr. Singleton then dictated the report. She read the seven-page transcribed report and signed it. She then gave an original or a copy to Attorney Stevens, defense counsel in this case. She also maintained a copy at her own home and gave an original or a copy to Dr. Atlas.

An original or a copy was also given to Ms. Georgine Saliba, the director for risk management at Lehigh Valley Hospital.

We have chosen to utilize an in camera review to make an informed decision about this issue. The use of in camera review is appropriate when there is a dispute as to whether a document is privileged. The Superior Court has encouraged the use of in camera review as an aid in determining whether privilege (if it is not an absolute privilege) applies to a document. *Young v. Western Pennsylvania Hospital,* 722 A.2d 153 (Pa. Super. 1998).

Plaintiffs sent a notice to take the deposition to defense counsel with the deposition to be on June 1, 1998. The deposition did not occur on that date. Rather, the deposition took place on September 9, 1998. However, Dr. Singleton admitted that she reviewed Singleton exhibit 1 with Mr. Stevens during the summer of 1998. When she reviewed the exhibit with Mr. Stevens, she knew that her deposition was going to be taken. She did not know the date of the deposition.

While the report may have been prepared for quality assurance purposes, there is no evidence that it was actually presented to the quality assurance committee. Dr. Atlas had no idea as to what happened to the report or who received copies of it. Dr. Singleton did appear before the quality assurance committee but she did not give testimony.

After our in camera review, which we directed by order dated March 6, 2000, we see that the document addresses the events leading to, during and after the delivery. It also recounts the patient's history of other deliveries, compiled from other hospital or patient records. It appears that the portion of Singleton exhibit 1 which was voluntarily given to plaintiffs' counsel at the deposition was Dr. Singleton's summary of this delivery. What was withheld, under the claim of peer review, was the rather mechanical recounting of the other deliveries taken from other records.

Pennsylvania Rule of Civil Procedure 4003.1 reads in pertinent part: "[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Further, Pa.R.C.P. 4003.1(b) provides, "It is not ground for objection that the information sought will be inadmis-

sible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

As was stated in *Bennett v. Graham*, 552 Pa. 205, 714 A.2d 393 (1998), "Discovery cannot achieve its aims of crystallizing the facts and issues for trial if counsel are to be subject to the same evidentiary limitations encountered at trial." *Id.,* 714 A.2d at 396.

Plaintiffs' counsel was rightfully concerned that she had to learn about the existence of the seven-page report by asking the right question at a deposition. The existence of the report should have been made known by defense counsel in his response to the request for documents. Pa.R.C.P. 4009.12(b)(2). We return to this subject later in this opinion.

Defense counsel has asserted that the document is confidential under the Peer Review Protection Act, 63 P.S. §§425.1-425.4.

Confidentiality of certain reports of healthcare professionals is addressed in PRPA at 63 P.S. §425.4. It provides that the proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery in a civil action against a healthcare provider. Many appellate decisions have acknowledged the salutary rationale for PRPA. It serves the legitimate purpose of maintaining high professional standards in medical care for the protection of patients. It is meant to foster the medical profession's policing itself and its own activities. *Cooper v. Delaware Valley Medical Center,* 539 Pa. 620, 654 A.2d 547 (1995). Additionally, the immunity and confidentiality provisions within PRPA seek to foster the greatest candor and frank discussion at

medical review committee hearings so that patients are served competently, morbidity and mortality are reduced and costs are kept within bounds. *Robinson v. Magovern,* 83 F.R.D. 79 (W.D. Pa. 1979).

However, the confidentiality is subject to limitations. PRPA itself provides:

"Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings." 63 P.S. §425.4.

It is our opinion that the confidentiality provisions of PRPA do not shield the seven-page report from discovery by plaintiffs for two reasons.

First, the exception to confidentiality stated within PRPA mandates disclosure of the report in discovery. Everything stated in Singleton exhibit 1 is available from original sources.

The first part of the report contains relevant, crucial information compiled by a physician, Dr. Singleton, who was sued. She has firsthand knowledge of all this. She is an original source as to what is contained in that first part of the report. In a deposition and at trial, plaintiffs' counsel can certainly inquire of Dr. Singleton of all the events she addressed in that first part of the report. This is pointed out to demonstrate that Dr. Singleton is truly an original source, accessible to plaintiffs, of what is

written in the first part of the exhibit. Additionally, much of this information is found in other parts of Ms. Tirado's chart. But this part of the report is not even controverted because the first page and a part of the second page were given to plaintiffs' attorney.

There clearly are other original sources for the second part of the report, the part that the defense refuses to reveal absent a court order. As stated, these pages of the exhibit contain no more than setting forth Ms. Tirado's delivery history with her other children. These pages are compiled from the hospital or the patient's records and so they are not shielded by confidentiality under PRPA.

Counsel for plaintiffs would have the court draw many inferences, including certain nefarious motivations attributed to the defense, from the failure to properly respond to the request for documents and from the way the document was produced at the deposition. We reject many of those inferences as unsupported by the evidence. However, we do conclude that Singleton exhibit was a source of information for Dr. Singleton and her counsel as she prepared for her deposition. For this second reason, confidentiality does not bar the production of this document.

In defining what is confidential under the PRPA, our colleague, President Judge James Knoll Gardner, stated in *Hanzsek v. McDonough,* 44 D.&C.3d 639, 644 (1987), "[W]e interpret the Act to mean that where a document is prepared solely for purposes of peer review, that document is not discoverable."

Because of our finding that Dr. Singleton, with defense counsel, made some use of the report in preparation for the deposition, fairness dictates that opposing counsel be provided with a copy of it, It was stated in

*Commonwealth v. Proctor,* 253 Pa. Super. 369, 374, 385 A.2d 383, 385 (1978), "[I]t is clearly settled that once a witness has resorted to a writing or other object to refresh recollection, the adverse party is entitled to inspect the writing and to have it available for reference in cross-examining the witness." See also, Pa.R.E. 612(a) and Leonard Packel and Anne Bowen Poulin, Pennsylvania Evidence, §612-1 at 604-609 (2d ed. 1999).

As stated, the plaintiffs' request for documents, seeking reports like the one at issue here, was served more than four months before the September 9, 1998 deposition of Dr. Singleton. If defense counsel had responded properly, it is conceivable that the issue of the discoverability of this statement would have been resolved before Dr. Singleton traveled from out of state for her deposition, As things turned out, plaintiffs' counsel was surprised, during the course of the deposition of Dr. Singleton, to learn of the existence of the seven-page document. After an attempt to resolve the issue, defense counsel refused to deliver a copy of the document to plaintiffs' counsel. Plaintiffs' counsel was precluded from cross-examining Dr. Singleton about the document. Accordingly, her ending the deposition at that point was reasonable,

The difficulty in deposition was created by the defense. Under these circumstances, we permit a further deposition of Dr. Singleton. We see no reason why it cannot be completed within the course of a morning and afternoon session.

Transportation and other costs for Dr. Singleton to travel here for the deposition must be borne by her.

## ORDER

Now, March 14, 2000, after hearing conducted on March 1, 2000, after argument by counsel, and for the reasons set forth in the accompanying opinion, it is hereby ordered that plaintiffs' "motion to compel the production of the seven-page typed medical record prepared by defendant Crystal Singleton M.D." is granted. Counsel for the defendants shall provide counsel for the plaintiffs a copy of this seven-page document, also known as "Singleton exhibit 1," from the September 9, 1998 deposition of Dr. Singleton, within 20 days of service of this order.

It is further ordered that plaintiffs may continue with their deposition of Dr. Singleton, which deposition may not exceed one day. The cost for attending the deposition shall be borne by Dr. Singleton.