Maher S. Ahmed MOHAMED,
Petitioner

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANSPORTA-
TION, BUREAU OF MOTOR VEHI-
CLES, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 25, 2009.

Decided May 4, 2009.

Timothy P. Wile, Lansdale, for petition-
er.

Harold H. Cramer, Asst. Chief Counsel,
Harrisburg, for respondent.

BEFORE: LEADBETTER, President
Judge, SMITH–RIBNER, Judge,
PELLEGRINI, Judge, COHN
JUBELIRER, Judge, SIMPSON, Judge,
LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge SMITH–RIBNER.

Maher S. Ahmed Mohamed (Petitioner) petitions for review of the action of the Department of Transportation (Department), Bureau of Motor Vehicles (Bureau) in suspending his certification as an Official Emissions Inspector (Inspector) for one year for allegedly furnishing inspection stickers for four vehicles without a proper inspection and for a consecutive one year for fraudulent recordkeeping. The statement of questions presented includes whether the Department was required to provide Petitioner with a formal hearing under the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704, before suspending his certification; whether the Bureau's findings that he violated regulations by furnishing certificates to four vehicles without performing inspections and engaging in fraudulent recordkeeping are supported by substantial evidence; and whether the suspension order advised him of the conduct forming the basis for the action so that he could prepare an adequate defense.

Petitioner was certified by the Bureau as an Inspector, and he was employed by Keystone Auto Sales & Repairs, Inc. in Harrisburg. On May 2, 2007, Quality Assurance Officer Greg Stone conducted a routine records audit there and concluded that Petitioner performed faulty emission inspections on at least four vehicles. He did so by connecting the data link cable from the emission testing equipment to the onboard diagnostic computer of a vehicle other than the vehicle that was being tested in order to obtain a passing result. Stone reported two faulty inspections on March 24, 2007 and two on March 29, 2007. The record includes copies of notices advising Petitioner that a Departmental hearing was scheduled for November 14, 2007 in Harrisburg and stating that failure to appear would be considered a waiver of the right to a hearing and that a decision would be made in the Inspector's absence.

Petitioner did not appear at the scheduled hearing nor did anyone appear on his behalf. Stone read his May 2, 2007 report to the Hearing Examiner, although the proceedings were not recorded. On December 11, 2007, the Director of the Bureau sent Petitioner the order of his suspension pursuant to Section 4726 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 4726.[1] Petitioner filed his petition for review with this Court invoking its appellate jurisdiction pursuant to Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, and Section 763(a) of the Judicial Code, *as amended,* 42 Pa.C.S. § 763(a). The Court granted supersedeas pending disposition of the petition for review.[2]

I

Petitioner first argues that before the Bureau suspends an Inspector's certifica-

---

1. The notice states that Petitioner's certification as an Inspector is suspended for one year for furnishing a certificate of emission inspection without inspection on four certificates identified by vehicle make, year, VIN and sticker number and one year for fraudulent recordkeeping, with the suspensions to run consecutively for a total of two years. R.R. 21a. These penalties are in keeping with the schedule of penalties for emissions inspectors set forth in 67 Pa.Code § 177.603. It states further: "You have the right to appeal this Departmental Order of Suspension to the Court of Common Pleas of the County in which the above referenced inspection station is located, **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER.**" R.R. 21a.

2. Petitioner notes that the resolution of this issue involves the proper construction of several statutes, which is a question of law of which the Court's review is plenary. *Freundt v. Department of Transportation, Bureau of Driver Licensing,* 584 Pa. 283, 883 A.2d 503 (2005).

tion the Bureau was required to provide a full due process hearing to the inspector that complied with the requirements of Subchapter A of Chapter 5 of the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, relating to the practice and procedure of Commonwealth agencies. He asserts that when read together Section 501 of the Administrative Agency Law, *as amended,* 2 Pa.C.S. § 501; Section 933 of the Judicial Code, *as amended,* 42 Pa.C.S. § 933; and Section 4726(c) of the Vehicle Code, 75 Pa.C.S. § 4726(c), lead to this conclusion.

Section 501 of the Administrative Agency Law provides in part:

> **(a) General Rule.**—Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies.
>
> **(b) Exception.**—None of the provisions of this subchapter shall apply to:
>
> . . . .
>
> (3) Proceedings before the Department of Transportation involving matters reviewable under 42 Pa.C.S. § 933 (relating to appeals from government agencies).

Section 933 of the Judicial Code provides in part:

> **(a) General rule.**—[E]ach court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1) Appeals from Commonwealth agencies in the following cases:
>
> . . . .
>
> (ii) Determinations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles):
>
> Section 1377 (relating to judicial review).
>
> Section 1550 (relating to judicial review).
>
> Section 4724(b) (relating to judicial review).
>
> Section 7303(b) (relating to judicial review).
>
> Section 7503(b) (relating to judicial review).

Petitioner's suspension was pursuant to Section 4726 of the Vehicle Code, relating to certification of mechanics, which provides in subsection (c):

> **(c) Judicial review.**—Any mechanic whose certificate has been denied or suspended under this chapter shall have the right to appeal to the court vested with jurisdiction of *such appeals* by or pursuant to Title 42 (relating to judiciary and judicial procedure). The court shall set the matter for hearing upon 60 days' written notice to the department and take testimony and examine into the facts of the case and determine whether the petitioner is entitled to certification or is subject to suspension of the certification under the provisions of this chapter. (Emphasis added.)

In a footnote Petitioner quotes Section 4724(b) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 4724(b), which relates to judicial review of suspension of certificates of appointment of official inspection stations:

> **(b) Judicial review.**—Any person whose certificate of appointment has been denied or suspended under this chapter shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The court shall set the matter for hearing upon 60 days' written notice to the department and take testimony and examine into the facts of the case and determine whether the petitioner is entitled to a certificate of appointment or is subject to suspension of the certificate of appointment under the provisions of this chapter.

Petitioner contends that the right of a mechanic to appeal from the suspension of a certification is not a right to appeal to the court of common pleas because Section 4726(c) of the Vehicle Code is not among those provisions that are specifically enumerated in Section 933(a)(1)(ii) of the Judicial Code. He states that this Court recognized as much in *Mihadas v. Department of Transportation*, 741 A.2d 249 (Pa. Cmwlth.1999), where a business owner appealed both from the suspension of his certificate of appointment as an official inspection station and the suspension of his certificate as an official safety mechanic to the court of common pleas and then appealed the dismissal to this Court. In a footnote, the Court indicated that final orders suspending certificates of appointment of official inspection stations are initially appealable to the courts of common pleas with secondary review by this Court under Section 933 of the Judicial Code but that:

> [f]inal orders of DOT relating to certification of inspection mechanics under 75 Pa.C.S. § 4726(c), on the other hand, are not appealable to the courts of common pleas pursuant to 42 Pa.C.S. § 933. Accordingly, appeals from these orders are properly taken directly to the Commonwealth Court. Nevertheless, we note that this issue was not raised below; thus, it has been waived and the jurisdiction of this Court has been perfected. *See* Section 704 of the Judicial Code, 42 Pa.C.S. § 704.

*Mihadas*, 741 A.2d at 250 n. 1. Petitioner points out that Section 933 of the Judicial Code has been amended several times since the decision in *Mihadas*, but the legislature has not amended Section 933(a)(1)(ii) to include suspensions under Section 4726(c) of the Vehicle Code. He argues that it therefore must be presumed that the legislature has agreed with this Court's construction, citing, among other cases, *Glenn Johnston, Inc. v. Department of Revenue*, 556 Pa. 22, 726 A.2d 384 (1999).

▆▆▆▆ Petitioner acknowledges that the language of Section 4726(c) of the Vehicle Code is strikingly similar to that of Section 4724(b) and of other Sections listed in Section 933(a)(1)(ii) of the Judicial Code. Petitioner contends, however, that the rules of statutory construction prohibit an interpretation involving judicial insertion of Section 4726(c) into Section 933(a)(1)(ii). He quotes *Latella v. Unemployment Compensation Board of Review*, 74 Pa.Cmwlth. 14, 459 A.2d 464, 473 (1983): "Thus, the maxim '*expressio unius est exclusia* [sic] *alterius*' is applicable here. The maxim essentially provides that where certain things are specifically designated in a statute, all omissions should be understood as exclusions. *Commonwealth v. Charles*, 270 Pa. Superior Ct. 280, 411 A.2d 527 (1979)." Where the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914, specified two classes of benefit year maximum entitlements, Part D and Part E, and a section specifically mentioned Part D but not Part E, the Court concluded that the Legislature intended the omission to be an exclusion. If there is a legislative oversight or omission, it is for the legislature to fill, not the courts. *Harding v. City of Philadelphia*, 777 A.2d 1249 (Pa.Cmwlth.2001).

Petitioner maintains that because suspensions of certifications of Inspectors are not appealable to common pleas court under Section 933 of the Judicial Code, the exception in Section 501(b)(3) of the Administrative Agency Law does not apply; therefore, Section 501(a) makes these proceedings subject to full due process hearings under Subchapter A of Chapter 5 of that Law. A statement to be read by the Hearing Examiner at the outset of the

hearing specified that it was an informal hearing and not an administrative proceeding subject to the Pennsylvania Administrative Code. The hearing was not transcribed, contrary to the provision of Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, that no adjudication of a Commonwealth agency shall be valid as to any party unless all testimony is stenographically recorded and a full and complete record made. Such informal hearings do not conform to holdings that certain rules of evidence apply to agency hearings, including the rules relating to hearsay evidence, *see A.Y. v. Department of Public Welfare, Allegheny County Children & Youth Services*, 537 Pa. 116, 641 A.2d 1148 (1994), and Pa. R.E. 602, 701 and 702.

The Department counter-states the question involved as whether there is a latent ambiguity in Section 4726(c) of the Vehicle Code that the Court should cure by construing that section, Section 4724(b) of the Vehicle Code and Section 933(a)(1)(ii) of the Judicial Code *in pari materia* to hold that the suspension of a mechanic's certification must be appealed to a court of common pleas. The Department begins by stressing that the legislature in Chapter 47 of the Vehicle Code has established a comprehensive scheme for the inspection of motor vehicles. Critical to that scheme are provisions for the licensing of inspection stations and mechanics, suspension of the inspection privilege of inspection stations and mechanics and the right to appeal suspensions. Through what appears to be simple oversight, the legislature did not explicitly establish where it intends an inspection mechanic subject to suspension to appeal.

The Department recognizes that Section 4726(c) of the Vehicle Code provides for a mechanic whose certificate is denied or suspended to have "the right to appeal to

the *court vested with jurisdiction of such appeals by or pursuant to Title 42* (relating to judiciary and judicial procedure). The *court* shall set the matter for hearing ... and take testimony and examine into the facts of the case" and determine if the petitioner is entitled to certification. (Emphasis added by Department.) The Department contends that the legislature clearly expressed its intent that a "court" under Title 42 rather than the Bureau under the Administrative Agency Law hold a hearing in which an inspection mechanic is afforded all normal procedural protections, including rights to call and cross-examine witnesses, to introduce evidence and to testify.

Considering whether this Court might be the court intended by the legislature, the Department quotes Section 761 of the Judicial Code, *as amended*, 42 Pa.C.S. § 761, relating to original jurisdiction, emphasizing that the Court shall have original jurisdiction of designated "actions or proceedings" against the Commonwealth government and those by the Commonwealth government, except eminent domain proceedings. In Section 102, *as amended*, 42 Pa.C.S. § 102, "Action" is defined as "[a]ny action at law or in equity"; "Proceeding" is defined as including "every declaration, petition or other application which may be made to a court under law or usage or under special statutory authority, but the term does not include an action or an appeal"; and "Appeal" is defined as "[a]ny petition or other application to a court for review of subordinate governmental determinations.... Where required by the context, the term includes proceedings on petition for review." The Department notes that Petitioner filed an "appeal" rather than a civil "action" or civil "proceeding"; therefore, original jurisdiction does not apply.

The Department quotes Section 763 of the Judicial Code, *as amended*, 42 Pa.C.S. § 763, relating to direct appeals from government agencies, which provides as a general rule in subsection (a) that Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies including all appeals under Subchapter A of Chapter 7 of Title 2, relating to judicial review of Commonwealth agency action. Section 763(c) enumerates exceptions including appeals that are "(2) [b]y section 933 (relating to appeals from government agencies) within the exclusive jurisdiction of the courts of common pleas." The Department asserts that the legislature could not have intended for Commonwealth Court to be the "court" referred to in Section 4726(c) of the Vehicle Code. In particular, appeals from many Departmental actions are to be filed in common pleas court under Section 933(a)(1)(ii) of the Judicial Code, including suspension of vehicle registrations or authority to issue registrations (75 Pa.C.S. § 1377(a)); driver's license suspensions, revocation, recalls, cancellations and disqualifications (75 Pa.C.S. § 1550(a)); and vehicle salvor (abandoned vehicle processor) suspensions (75 Pa.C.S. § 7303(b)).

The Department posits that when the legislature used "court" and "vested with jurisdiction of such appeals by or pursuant to Title 42" in Section 4726(c) of the Vehicle Code but specifically referenced only Section 4724(b) in Section 933(a)(1)(ii) of the Judicial Code, it created a latent ambiguity. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." The Department contends that as part of the overall legislative scheme for the regulation of inspection stations and mechanics, the three sections referred to above must be construed to be *in pari materia.* Statutes are *in pari materia* "when they relate to the same persons or things or to the same class of persons or things[,]" Section 1932(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932(a), and such statutes shall be construed together as one statute where possible. Section 1932(b), 1 Pa.C.S. § 1932(b). *See also Hamilton v. Unionville–Chadds Ford School District,* 552 Pa. 245, 714 A.2d 1012 (1998).

The Department argues that construing Section 4726(c) of the Vehicle Code as not providing for an Inspector's appeal to be heard in common pleas court would lead to the absurd result of having separate hearings in different forums, thereby leading to a waste of judicial resources and the possibility of contradictory results. Allowing both parties to proceed in the common pleas court permits that court to hold a joint hearing where counsel for the station owner also can represent the mechanic. *See Mihadas; Department of Transportation, Bureau of Motor Vehicles v. Mazzarini,* 919 A.2d 295 (Pa.Cmwlth.2007). As for Petitioner's relying upon the statement in *Mihadas* that appeals under Section 4726(c) would go to this Court and also claiming a presumption that the legislature agrees, the Department points out that this principle is codified in Section 1922(4) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(4): "[W]hen a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language." The Supreme Court has never construed Section 933(a)(1)(ii) of the Judicial Code with regard to Section 4726(c).

The Department explained that the Bureau does not intend for its pre-suspension hearing pursuant to 67 Pa.Code § 177.651 to meet requirements of the Administra-

tive Agency Law. It recites the principle that an agency's interpretation of its regulatory statute must be given considerable weight and deference by the reviewing court. *Highway News, Inc. v. Department of Transportation*, 789 A.2d 802 (Pa. Cmwlth.2002). Moreover, an appeal to the common pleas court and a hearing that complies with requirements of Section 4726(c) of the Vehicle Code would satisfy Petitioner's due process rights. Finally, the legislature occasionally does err in enacting laws, and in *Bergen v. Department of Transportation, Bureau of Driver Licensing*, 785 A.2d 157 (Pa.Cmwlth.2001), the Court agreed that in amending Section 1532 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1532, the legislature mistakenly failed to eliminate the requirement for receipt of a certified record of the driver's conviction when the Department receives a conviction report under the Driver's License Compact. Section 1581, 75 Pa.C.S. § 1581.

## II

■ The Court first acknowledges its duty to ascertain and effectuate the intent of the legislature. 1 Pa.C.S. § 1921(a). The Court agrees that there is latent ambiguity in the operative statutory provisions. As the Supreme Court observed recently in construing a statute that both parties asserted was unambiguous, given the common sense meaning of the two phrases at issue "[i]t would be difficult to give full logical effect to both.... Thus

our examination of the two phrases reveals a latent ambiguity in the statute." *Commonwealth v. McCoy*, 599 Pa. 599, 962 A.2d 1160 (2009). Petitioner's position ignores the express wording of Section 4726(c) of the Vehicle Code that a hearing is to be before "the court vested with jurisdiction of *such appeals* by or pursuant to Title 42 (relating to judiciary and judicial procedure)." (Emphasis added.) Plainly, an administrative tribunal of the Department is not such a "court" vested with jurisdiction by Title 42.[3]

The Court is persuaded by the Department's rationales for resolving the ambiguity that exists in the operative statutory provisions by determining that the proceeding is intended to be before the court of common pleas. Foremost is the obvious place of Section 4726(c) of the Vehicle Code within the comprehensive scheme for managing the vehicle inspection program that is created in Chapter 47 of the Vehicle Code. Appointment of official inspection stations, certificates of appointment, certification of mechanics, suspension of certificates of appointment and of certifications of mechanics and the means for appealing such suspensions in compliance with due process are, as the Department argues, crucial elements of the overall program. The Department relies in part on the rule of construction "that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable; and that the legislature intends the entire statute to

---

**3.** In addition to statutory language, Petitioner also relies upon the Court's statement in *Mihadas*. In that statement, however, the Court justified its exercise of jurisdiction on the basis of Section 704(a) of the Judicial Code, 42 Pa.C.S. § 704(a), which provides in general that "[t]he failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appel-

late jurisdiction of such appellate court...." Thus jurisdiction was proper regardless of whether the appeal of the mechanic's suspension should have been filed originally in Commonwealth Court, and the statement in footnote 1 had no bearing on the decision of the case: it was pure dictum. Also, it was not a construction by a court of last resort. It was dictum contained in a footnote, and no presumption flows from the legislature's failure to address it.

be effective and certain." *Commonwealth v. Shiffler*, 583 Pa. 478, 485, 879 A.2d 185, 189 (2005) (citing 1 Pa.C.S. § 1922(1), (2)).

Where action against an inspection station necessarily arises from allegations of violations by an Inspector, it would be absurd to direct appeals that encompass the fact finding function to two different forums. One reason is the waste of resources, including judicial resources. Even more serious is the prospect of inconsistent results in two forums arising out of the same set of operative facts. Unlike the case in *Latella*, here there is ambiguity present that the Court must resolve. Also, the Department is correct that the courts have on occasion supplied a legislative omission. *Bergen; Walker v. General Motors Corp.*, 383 Pa.Super. 400, 557 A.2d 1, 5 (1989) (holding that failure to include limiting language in one section of a statute was "merely legislative oversight").

From its analysis of the statutory construction question presented, the Court concludes that the legislature must have intended for Inspectors' appeals under Section 4726(c) of the Vehicle Code to be treated the same as appeals of suspensions of certificates of appointment under Section 4724(b). The same facts will be at issue before the same adjudicator at the same time. There will be no waste of resources, and there will be no risk of contradictory results. Petitioner's proposal to have a full due process hearing before the Department cannot obviate the requirement of Section 4726(c) for an appeal to a court in which the court will "examine into the facts of the case[,]" thus following one full hearing by a second full hearing, which would be an absurd procedure. Fur-

ther support is shown by the actual practice: cases illustrate that appeals from suspensions of certificates of appointment and certifications of mechanics have been filed together routinely in the courts of common pleas. *Mazzarini; Mihadas.*

■ The Court holds that the common pleas court is where an appeal is to be taken from suspensions of mechanics' certifications, and therefore this case will be transferred to the Dauphin County Court of Common Pleas to hear Petitioner's appeal of the suspension of his certification as an Official Emissions Inspector. In its brief, the Department noted its concurrence in the continuation of a supersedeas if one is granted by the common pleas court upon transfer. Further, this Court's determination on the jurisdictional question presented precludes its consideration of the remaining issues raised by Petitioner.

### *O R D E R*

AND NOW, this 4th day of May, 2009, the petition for review filed by Petitioner Maher S. Ahmed Mohamed in this Court's appellate jurisdiction is transferred to the Court of Common Pleas of Dauphin County for further proceedings in accordance with the foregoing opinion.

DISSENTING OPINION BY President Judge LEADBETTER.

Petitioner's interpretation of the statutory provisions at issue, as concisely described in the majority opinion, is, I believe, a straightforward reading of the plain language of the statute, and thus correct. I also agree with the majority that sending appeals from inspection station suspensions to the courts of common pleas while sending appeals from mechanics' suspensions to our court, particularly

since both a mechanic and his station will often be cited based upon the same underlying conduct of the mechanic, is so illogical that it cannot have been the actual intent of the General Assembly. Nonetheless, where the words of a statute are clear, we cannot ignore its plain language and rewrite it, even to correct what appears to have been an obvious legislative oversight. Accordingly, I must respectfully dissent.

Judge LEAVITT joins this dissenting opinion.

DISSENTING OPINION BY Judge LEAVITT.

The majority yields to the request of the Department of Transportation to correct a "legislative inadvertence" in the Judicial Code. Because such a correction requires an act of the General Assembly, I must respectfully dissent.

The Pennsylvania Constitution has invested the General Assembly with exclusive power to determine the jurisdiction of our courts.[1] In accordance with our Constitution, the General Assembly has vested Commonwealth Court with general authority to provide judicial review of "final orders of government agencies" rendered in accordance with the Administrative Agency Law. 42 Pa.C.S. § 763(a)(1).[2] Such final orders include those issued by the Department.

There are a few exceptions to this general rule. The legislature has conferred jurisdiction upon the courts of common pleas to provide judicial review of a limited number of "final orders of government agencies" that would otherwise be heard by Commonwealth Court. Section 933 of the Judicial Code states, in relevant part, as follows:

> Each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:
>
> \* \* \*
>
> (ii) Determinations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles):
>
> Section 1377 (relating to judicial review).
>
> Section 1550 (relating to judicial review).
>
> *Section 4724(b) (relating to judicial review).*[3]

---

1. Article 5, section 4 states:

   The Commonwealth Court shall be a statewide court, and shall consist of the number of judges and have such jurisdiction as shall be provided by law. One of its judges shall be the president judge.

   PA. CONST. art. 5, § 4.

   Article 5, section 5 states:

   There shall be one court of common pleas for each judicial district

   (a) having such divisions and consisting of such number of judges as shall be provided by law, one of whom shall be the president judge; and

   (b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law.

   PA. CONST. art. 5, § 5.

2. Section 763(a)(1) of the Judicial Code, relating to appeals from government agencies, provides in relevant part:

   ... the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders in government agencies in the following cases:

   (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise....

   42 Pa.C.S. § 763(a)(1). Title 2 is the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 702–704. Section 501 makes its terms applicable "to all Commonwealth agencies." 2 Pa.C.S. § 501(a).

3. Section 4724(b) of the Vehicle Code relates to the judicial review of the Department's

Section 7303(b) (relating to judicial review).

Section 7503(b) (relating to judicial review).

42 Pa.C.S. § 933(a)(1)(ii)(emphasis added). The majority adds a sixth section of the Vehicle Code, *i.e.*, Section 4726(c), to this list. For several reasons, this is error.

First, the majority disregards the language of the statute. *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 585 Pa. 366, 372, 888 A.2d 758, 761 (2005). Where the words of a statute are clear and free of ambiguity, "the letter of it cannot be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(a).

A straightforward reading of Section 4726(c) and Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1), establishes that the mechanic whose certification is suspended by the Department is entitled to a Title 2 hearing before the Department followed by judicial review from this Court in our appellate jurisdiction. Section 4726(c) states:

(c) Judicial review.—Any mechanic whose certificate has been denied or suspended under this chapter shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The court shall set the matter for hearing upon 60 days' written notice to the department and take testimony and examine into the facts of the case and determine whether the petitioner is entitled to certification or is subject to suspension of the certification under the provisions of this chapter.

75 Pa.C.S. § 4726(c). Section 4726(c) does not appear in the list of Department actions for which the courts of common pleas have jurisdiction by reason of Section 933(a)(1)(ii) of the Judicial Code. Accordingly, the general rule for appeals of final orders of government agencies set forth in 42 Pa.C.S. § 763(a)(1) applies to Section 4726(c) suspensions.[4]

---

suspension of a certificate to operate an official inspection station.

4. The second sentence of Section 4726(c) authorizes this Court to take additional evidence in the appeal. By contrast, no evidence would be taken by this Court in an inspection station certification appeal from common pleas court. In any case, the parties to a Section 4726(c) appeal to this Court do not have to supplement the agency record on appeal. Parties often sidestep the opportunity to supplement the agency record in local agency appeals brought to common pleas courts under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754.

A petition for review may be filed that invokes this Court's appellate and original jurisdiction. *See, e.g., Werner v. Zazyczny*, 545 Pa. 570, 578, 681 A.2d 1331, 1335, n. 5 (1996); *see also* 20A G. Ronald Darlington, et al., Pennsylvania Appellate Practice, §§ 1502.11, 1513.2. A Section 4726(c) petition for review could invoke only our appellate jurisdiction where the petitioner did not want a *de novo*

hearing. In such a case, the petition for review would omit the notice to plead and verification, which are required whenever the petitioner invokes our original jurisdiction. Pa R.A.P. 1513(e). *See also* 20 Darlington, § 27:117 (discussing multiple sources of right to appeal).

Authorizing a court to supplement the record or to hear a matter *de novo* on appeal is not unique to Section 4726(c) proceedings. For example, "[a]ppeals to this Court from Board [of Finance and Revenue] decisions are heard *de novo* based on the *record created before this Court* or on stipulated facts," *Farda v. Commonwealth*, 849 A.2d 297, 299 n. 4 (Pa.Cmwlth.2004) (emphasis added). Under the Liquor Code, "[t]he court [of common pleas] shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved...." Section 464 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–467. In land use appeals, "[i]f, ... it is shown that proper consideration of the land

Second, there is no ambiguity in the statutory scheme. It is true that this scheme provides that the suspension of an inspection station license will be litigated in a different way than the suspension of an individual mechanic's license. It may be more logical and convenient to have the two proceedings conducted before the same tribunal and at the same time. An inconsistency, however, is not a conflict, and an inconsistency does not give this Court permission to disregard the language of the statute. As has been explained by our Supreme Court:

There is nothing inherently inconsistent in the existence of two distinct statutory procedures for the resolution of the same disputes, even though the result may be a lack of symmetry in the area.

*Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.,* 461 Pa. 420, 429, 336 A.2d 609, 614 (1975). In short, the lack of symmetry in the Judicial Code does not create an ambiguity.

The Department claims that Title 42 is ambiguous, so that it may invoke the extrinsic aids to determine legislative intent.[5] The particular aid invoked by the Department is its "expertise" in the licensing of inspection stations and individual mechanics. However, this expertise extends no further than the standards by which an inspection station or mechanic will be licensed. The Department has no expertise in the jurisdiction of Pennsylvania's courts; merely to state the proposition that the

Department has such expertise is to refute it.

Third, the courts may not fix what the Department calls a "legislative inadvertence" or a "legislative oversight" in omitting "Section § 4726(c)" from the list in Section 933(a)(1)(ii) of the Judicial Code. Department Brief at 5, 12. Our Supreme Court has provided clear direction to the courts with regard to statutory omissions:

As the court in construing a statute must ascertain and give effect to the legislative intent as expressed in the language of the statute, the court cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted. *It makes no difference that the omission resulted from inadvertence, or because the case in question was not foreseen or contemplated, . . . The intention and meaning of the Legislature must primarily be determined from the language of the statute itself, and not from conjectures aliunde.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. . . . *This principle is to be adhered to notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact. . . .*

---

use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence." Section 1005–A of the Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, 53 P.S. § 11005–A.

**5.** Where the words are not "explicit," then intention may be ascertained by considering, *"inter alia,* the occasion and necessity of the statute, the consequences of a particular interpretation, or administrative interpretations." *Gardner,* 585 Pa. at 372, 888 A.2d at 761. Here, the words are explicit. Section 4726(c) of the Vehicle Code is not in the list contained in Section 933(a)(1)(ii) of the Judicial Code.

*Commonwealth ex rel Cartwright v. Cartwright*, 350 Pa. 638, 645–646, 40 A.2d 30, 33 (1944) (emphasis added, citations omitted). Accordingly, the majority's conviction that the General Assembly meant "to enact something very different" from what appears in Section 933(a)(1)(ii) of the Judicial Code does not allow it to overlook what has been stated there with textual precision.

The statutory construction principle *expressio unius est exclusio alterius* teaches that the legislature's failure to include Section 4726(c) in the very specific list of Department orders in Section 933(a)(1)(ii) of the Judicial Code was intentional.[6] In *L.S. ex rel. A.S. v. Eschbach*, 583 Pa. 47, 56, 874 A.2d 1150, 1156 (2005), our Supreme Court explained that this canon of statutory construction requires courts to "refrain from judicially expanding" a statutory list of persons whose ability to sue a tortfeasor in an automobile accident was limited.

Practitioners must be able to rely upon the text of the Judicial Code as the firm authority on matters of jurisdiction. To amend the Judicial Code by decisional law renders its actual text unreliable. Thus, instead of clarifying a legislative enactment, the majority opinion creates a new uncertainty. Notwithstanding the majority's decision, the text of Section 933(a)(1)(ii) of the Judicial Code will continue to be absent of any reference to 75 Pa.C.S. § 4726(c).

Because it is strictly the prerogative of the General Assembly to establish the jurisdiction of our courts, I dissent. I would remand the matter of Mr. Mohammed's suspension to the Department for a hearing in accordance with the Administrative Agency Law.

President Judge LEADBETTER and Judge COHN JUBELIRER join in this dissent.

---

**6.** We recognize that the Supreme Court has cautioned against using this canon of statutory construction to supplement the extrinsic aids in Section 1921(c) of the Statutory Construction Act, 1 Pa.C.S. § 1921(c). *St. Elizabeth's Child Care Center v. Department of Public Welfare*, —— Pa. ——, ——, 963 A.2d 1274, 1278 (2009). Here, the canon is invoked to confirm the plain meaning rule of Section 1921(b), 1 Pa.C.S. § 1921(b).