40 A.3d 1186

Maher S. Ahmed MOHAMED, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellee.

Supreme Court of Pennsylvania.

Argued May 11, 2010.

Decided March 26, 2012.

8

Timothy Peter Wile, Lansdale, Philip L. Zulli, Harrisburg, for Maher S. Ahmed Mohamed.

Christopher Joel Johnson, Harold H. Cramer, PA Department of Transportation, Andrew S. Gordon, Terrance M. Edwards, PA Department of Transportation, Harrisburg, for Bureau of Motor Vehicles.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN JJ.

## *OPINION*

Justice ORIE MELVIN.

We assumed plenary jurisdiction over this matter as a *sua sponte* exercise of this Court's extraordinary jurisdiction pursuant to 42 Pa.C.S. § 726[1] to determine the proper forum for adjudicating appeals from the suspension of the certification of an official emission inspection mechanic under section 4726(c) of the Vehicle Code. 75 Pa.C.S. § 4726(c). For the reasons that follow, we reverse and remand this matter to the Commonwealth Court for further proceedings.

Maher S. Ahmed Mohamed ("Appellant") is a certified emission inspector[2] by Appellee, the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor

---

1. The Judicial Code provides:
   § 726. Extraordinary jurisdiction
   Notwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or district justice of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done.
   42 Pa.C.S. § 726.

2. *See* 67 Pa.Code § 177.3 ("A person who holds a valid certification card issued by the Bureau which certifies that the person is qualified and has passed the requirements to perform emission inspections on subject vehicles in an appointed emission inspection station.").

Vehicles ("PennDOT" or the "Department"). At the time of the events in question, Appellant was employed by Keystone Auto Sales & Repairs ("Keystone"), located in Dauphin County, Pennsylvania. On May 2, 2007, Greg Stone, a Quality Assurance Officer for PennDOT ("Auditor"), conducted a records audit at Keystone. The Auditor's report concluded that Appellant performed faulty emission inspections on four vehicles by connecting the emission equipment to a vehicle other than the one being tested in order to obtain a passing result. The report further indicated that two of the vehicles tested and the vehicle used to obtain the passing results were owned by taxicab companies partly owned by Appellant. The Auditor also found that Appellant falsified the records of the four tested vehicles.

Because of these alleged violations, PennDOT sent Appellant a notice [3] by certified mail that a Departmental hearing was scheduled for November 14, 2007. The notice informed Appellant that the failure to appear would be considered a waiver of his right to a hearing, and a determination as to whether or not to suspend his emission inspector certification would be made in his absence.[4] Certified Record (C.R.) at 6, Exhibit 7. Appellant failed to appear,[5] and the Auditor provided the only testimony by presenting the findings of his report of May 2, 2007. On December 11, 2007, PennDOT sent Appellant an order notifying him that his certification as an official emission inspector was suspended pursuant to 75 Pa. C.S. § 4726.[6] PennDOT imposed a one-year suspension upon

3.  The relevant PennDOT regulation, 67 Pa.Code § 177.651, provides, in relevant part, that "[p]rior to the immediate suspension of any official emission inspection station, certificate of appointment, emission inspector certification or certified repair technician, the Department shall, within 3 days, provide written notice of the alleged violation and the opportunity to be heard."

4.  PennDOT acknowledges that this hearing was informal and not conducted on the record. PennDOT's brief at 2.

5.  In his brief, Appellant asserts that he never received notice of the hearing.

6.  Section 4726(b) of the Vehicle Code provides: "The department shall supervise mechanics certified under this section and may suspend the certification issued to a mechanic if it finds that the mechanic has

Appellant for the faulty inspections and a one-year suspension for fraudulent record keeping that included the lesser offenses of improper record keeping and careless record keeping. PennDOT further ordered that these suspensions were to run consecutively, resulting in an aggregate two-year suspension. The order also indicated that Appellant had the right to appeal to "the Court of Common Pleas of the County in which the ... inspection station is located." C.R. at 6, Exhibit 2.

On January 10, 2008, instead of following the directions in the order regarding the filing of an appeal, Appellant filed a petition for review from PennDOT's suspension order in the Commonwealth Court. In his petition for review, Appellant asserted that jurisdiction was vested in the Commonwealth Court pursuant to section 702 [7] of the Administrative Agency Law ("AAL") and section 763 of the Judicial Code. The Commonwealth Court granted a supersedeas pending the disposition of the petition for review. On May 4, 2009, the Commonwealth Court entered the order now under review transferring the case to the Court of Common Pleas of Dauphin County.

In its 4–3 *en banc* opinion, the Commonwealth Court agreed with PennDOT's assertion that a latent ambiguity exists in 75 Pa.C.S. § 4726(c) of the Vehicle Code when it is read in conjunction with 42 Pa.C.S. § 933 of the Judicial Code. Section 4726(c) reads as follows:

(c) **Judicial review.**—Any mechanic whose certificate has been denied or suspended under this chapter shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The court shall set the matter for hearing upon 60 days' written notice to the department and

improperly conducted inspections or has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department." 75 Pa.C.S. § 4726(b).

7. Specifically, this provision provides, "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa.C.S. § 702.

take testimony and examine into the facts of the case and determine whether the petitioner is entitled to certification or is subject to suspension of the certification under the provisions of this chapter.

75 Pa.C.S. § 4726(c).[8]  The relevant language of section 933 provides:

> § 933.  **Appeals from government agencies**
>
> (a) **General rule.**—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:
>
>> (1) Appeals from Commonwealth agencies in the following cases:
>>
>> . . . .
>>
>> (ii) Determinations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles):
>>
>> Section 1377 (relating to judicial review).
>>
>> Section 1550 (relating to judicial review).
>>
>> Section 4724(b) (relating to judicial review).
>>
>> Section 7303(b) (relating to judicial review).
>>
>> Section 7503(b) (relating to judicial review)

42 Pa.C.S. §  933(a)(1)(ii).

According to the Commonwealth Court, the phrase "court vested with jurisdiction" is subject to more than one meaning when sections 4726(c), 4724(b), and 933(a)(1)(ii) are read together in determining which court is vested with jurisdiction to hear Appellant's appeal from the suspension order.  Thus, in construing section 4726(c), the Commonwealth Court took into consideration section 4726(c)'s place within the "comprehensive scheme for managing the vehicle inspection program . . . created in Chapter 47 of the Vehicle Code." *Mohamed v. Com., Dept. of Transp., Bureau of Motor Vehicles,* 973 A.2d

---

8.  75 Pa.C.S. § 4724(b) provides similar appeal language with respect to "any person whose certificate of appointment has been denied or suspended."

453, 459 (Pa.Cmwlth.2009) (*en banc*). The Commonwealth Court further accepted PennDOT's position that the view expressed by Appellant would lead to an absurd result. *Id.* at 460. Specifically, the Commonwealth Court concluded that:

the legislature must have intended for Inspectors' appeals under [s]ection 4726(c) of the Vehicle Code to be treated the same as appeals of suspensions of certificates of appointment under [s]ection 4724(b). The same facts will be at issue before the same adjudicator at the same time. There will be no waste of resources, and there will be no risk of contradictory results. [Appellant's] proposal to have a full due process hearing before the Department cannot obviate the requirement of [s]ection 4726(c) for an appeal to a court in which the court will "examine into the facts of the case[,]" thus following one full hearing by a second full hearing, which would be an absurd procedure. Further support is shown by the actual practice: cases illustrate that appeals from suspensions of certificates of appointment and certifications of mechanics have been filed together routinely in the courts of common pleas.

*Id.* Finally, the Commonwealth Court accepted PennDOT's assertion that the failure to include section 4726(c) within the list of Vehicle Code provisions that granted jurisdiction of appeals from final orders of government agencies to the courts of common pleas was a simple legislative oversight.[9]

The dissent[10] agreed with Appellant's plain language reading of the applicable statutory provisions as vesting jurisdiction of appeals from suspensions of emission inspectors' certi-

9. Substantively, Appellant asserted that there was insufficient evidence of record to support PennDOT's findings that he committed the alleged violations and that his due process rights were violated by PennDOT's failure to provide him with a formal hearing under the AAL, 2 Pa.C.S. §§ 501–508, 701–704, and by its failure to sufficiently apprise him of the underlying conduct that formed the basis for the suspensions.

10. Judge Doris A. Smith–Ribner authored the majority opinion. Judge Mary Hannah Leavitt filed a dissenting opinion that was joined by President Judge Bonnie Brigance Leadbetter and Judge Renée Cohn Jubelirer. President Judge Leadbetter also filed a separate dissenting opinion that was joined by Judge Leavitt. In discussing the dissent, the dissenting opinions will be referred to collectively unless indicated otherwise.

fications under 75 Pa.C.S. § 4726(c) within the Commonwealth Court. The dissent further noted that while it may be more logical and convenient to review suspensions under section 4726(c) and those under 75 Pa.C.S. § 4724(b) at the same time before the same tribunal, such a lack of "symmetry" does not authorize the judiciary to supply an omission in a statute where the language utilized is explicit. *See Mohamed,* 973 A.2d at 460–61 (Leadbetter, P.J., dissenting); *id.* at 463–64 (Leavitt, J., dissenting). Specifically, Judge Leavitt noted that the general rule of section 763 [11] of the Judicial Code grants the Commonwealth Court exclusive jurisdiction of appeals from final orders of government agencies. Further, the General Assembly excepted from that general rule "a limited number of 'final orders of government agencies' " as listed in section 933 of the Judicial Code, where it conferred exclusive jurisdiction upon the courts of common pleas. *Mohamed,* 973 A.2d at 461 (Leavitt, J. dissenting). As relevant herein, section 933(a)(1)(ii) lists determinations of the Department appealable under five specific Vehicle Code provisions.[12] Notably, Judge Leavitt concluded that the absence of section

11. This provision, in relevant part, provides:

   **§ 763. Direct appeals from government agencies**
   **(a) General rule.**—Except as provided in subsection (c), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
   (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise and including appeals from the Board of Claims, the Environmental Hearing Board, the Pennsylvania Public Utility Commission, the Unemployment Compensation Board of Review and from any other Commonwealth agency having Statewide jurisdiction.
   . . . .
   **(c) Exceptions.**—The Commonwealth Court shall not have jurisdiction of such classes of appeals from government agencies as are:
   (1) By section 725 (relating to direct appeals from constitutional and judicial agencies) within the exclusive jurisdiction of the Supreme Court.
   (2) By section 933 (relating to appeals from government agencies) within the exclusive jurisdiction of the courts of common pleas.
   42 Pa.C.S. § 763.

12. The enumerated provisions are 75 Pa.C.S. §§ 1377, 1550, 4724(b), 7303(b) and 7503(b).

4726(c) from the list rendered "the general rule for appeals of final orders of government agencies set forth in 42 Pa.C.S. § 763(a)(1) [applicable] to [s]ection 4726(c) suspensions." *Id.* at 462. Consequently, the dissent concluded that "the mechanic whose certification is suspended by the Department is entitled to a Title 2 hearing before the Department followed by judicial review [in the Commonwealth Court's] appellate jurisdiction." *Id.*

Appellant argues that his appeal from the suspension of his certification as an emission inspection mechanic is properly taken to the Commonwealth Court pursuant to 42 Pa.C.S. § 763(a)(1). He maintains that the courts of common pleas do not have jurisdiction over appeals from suspensions of certifications of mechanics because 75 Pa.C.S. § 4726(c) is not listed under 42 Pa.C.S. § 933(a)(1)(ii) of the Judicial Code. Appellant bases his claim on the statutory language, which he asserts the Commonwealth Court completely disregarded. According to Appellant, the words of the statutes are clear and free from ambiguity, thereby eliminating the need to resort to the canons of statutory construction. Appellant refutes the Commonwealth Court's reliance on a "latent ambiguity" and the need for "symmetry," noting that this Court has previously held that there is nothing inherently inconsistent in the existence of two distinct procedures for resolving the same dispute. *HSP Gaming, L.P. v. City of Philadelphia*, 598 Pa. 118, 954 A.2d 1156, 1176 (2008). Appellant contends that the Commonwealth Court "judicially amended" 42 Pa.C.S. § 933(a)(1)(ii) and, in doing so, impermissibly expanded the jurisdiction of the courts of common pleas.[13]

Additionally, Appellant claims that the Commonwealth Court "violated the constitutional principle of separation of powers when it judicially amended 42 Pa.C.S. § 933(a)(1)(ii) to include reference to 75 Pa.C.S. § 4726(c) where no such section was included in the text enacted by the General

13. We note that Article 2, § 1, of the Pennsylvania Constitution provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

Assembly." [14]   Appellant's brief at 29.   Appellant maintains that the Commonwealth Court engaged in "judicial legislation" by rewriting the statute under the rubric of statutory construction.   *Id.* at 32–33; *see Commonwealth v. Tarbert,* 517 Pa. 277, 295, 535 A.2d 1035 (Pa.1987) ("Where the language of a statute is clear and unambiguous, a court may not, under the guise of construction, add matters the legislature saw fit not to include at the time.").

PennDOT maintains that the Commonwealth Court's finding that the courts of common pleas are vested with jurisdiction over appeals from suspensions of inspection mechanics' certifications is sound as both a matter of statutory construction and constitutional law.   While acknowledging that section 933(a)(1)(ii) of the Judicial Code does not specifically assign inspection mechanic appeals to the courts of common pleas, PennDOT nonetheless asserts that the "legislative intent to do so is clear, and [a] jurisdictional basis exists . . . even in the absence of a specific legislative assignment."   PennDOT's brief at 10.

PennDOT agrees with the Commonwealth Court's determination that section 4726(c) is ambiguous and the General Assembly intended mechanics' appeals to be heard by the courts of common pleas just like in appeals from suspensions under section 4724(b).   PennDOT submits that the usage of nearly identical appeal language in sections 4724(b) and 4726(c) is evidence that the General Assembly "must have intended 'the court' to be common pleas, regardless of its failure   to   list   [s]ection   4726(c)   within   42   Pa.C.S. § 933(a)(1)(ii)."   *Id.* at 16.   In further support of this construction, PennDOT points to the language appearing in both section 4726(c) and section 4724(b), which provides that the appeals court "shall set the matter for hearing upon 60 days' written notice to the department and take testimony and examine into the facts of the case."   PennDOT contends that

14.   This foundational principle of our Constitution forbids one branch of government from exercising the functions exclusively committed to another branch.   *Jubelirer v. Rendell,* 598 Pa. 16, 953 A.2d 514, 529 (2008).

such language requires the appeal to be heard *de novo,* and "if this right to *de novo* review is to be honored by Commonwealth Court, it means that Commonwealth Court must hold a second, entirely new hearing, take testimony from [PennDOT's] and the mechanic's witnesses, admit pertinent documentary evidence, and either sustain the appeal or dismiss it." *Id.*[15] According to PennDOT, "it is extremely unlikely that the General Assembly ever intended to establish such an unwieldy procedure when it provided inspection mechanics with the same right to appeal civil sanctions imposed by [PennDOT] under 75 Pa.C.S. § 4726(c) as it provided to certificate holders under 75 Pa.C.S. § 4724(b)." *Id.* at 14.

Moreover, PennDOT asserts that any other construction would lead to an absurd result where the mechanic and the inspection station owner would both appeal from the same violations in different forums, which "could lead to totally inconsistent results." *Id.* at 9. PennDOT also justifies its position by reference to the Pennsylvania Constitution, noting that the courts of common pleas have unlimited original jurisdiction except as otherwise provided. PennDOT contends that "[s]ince the General Assembly did not otherwise provide for jurisdiction in the case of an inspection mechanic's appeal, jurisdiction in such cases may be exercised by the courts of common pleas." *Id.*[16] Thus, PennDOT maintains that judicial economy and the interests of the parties require that the appeal of the mechanic and the station be heard together in the courts of common pleas.

PennDOT further contends that Appellant's argument claiming a violation of the doctrine of separation of powers is

---

**15.** PennDOT notes that under the AAL a typical appeal would be heard, pursuant to § 704 of the AAL, "without a jury **on the record certified by the Commonwealth agency.**" *Id.* at 12 (emphasis in original).

**16.** Specifically, the Pennsylvania Constitution provides:

There shall be one court of common pleas for each judicial district (a) having such divisions and consisting of such number of judges as shall be provided by law, one of whom shall be the president judge; and

(b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law.

Pa. Const. Art. V, § 5.

meritless. PennDOT notes that the court exercised its normal function by interpreting an ambiguous statute.

We exercised our extraordinary jurisdiction to consider: "Whether the Commonwealth Court erred in holding that it lacked subject matter jurisdiction over [Appellant's] request for relief under 42 Pa.C.S. § 933(a) and transferring the matter to the court of common pleas?"

Where, as here, an issue requires this Court to interpret a statutory provision, we are presented with a question of law subject to plenary review. *See, e.g., In re Erie Golf Course*, 605 Pa. 484, 992 A.2d 75, 85 (2010). The purpose of statutory interpretation is to ascertain the General Assembly's intent and give it effect. 1 Pa.C.S. § 1921(a). In discerning that intent, the court first resorts to the language of the statute itself. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning. *See* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). "Relatedly, it is well established that resort to the rules of statutory construction is to be made only when there is an ambiguity in the provision." *Oliver v. City of Pittsburgh*, 608 Pa. 386, 11 A.3d 960, 965 (2011) (citations omitted).

At the heart of this issue is the interpretation of the Judicial Code with respect to appellate jurisdiction. More specifically, we are concerned with the interplay between 42 Pa.C.S. §§ 763 and 933. Here, the words of the applicable statutes are unambiguous. We first look to the language of section 763, which grants the Commonwealth Court exclusive jurisdiction over appeals from all Commonwealth agencies, including PennDOT, with only two exceptions. These exceptions relate to direct appeals to this Court from constitutional and judicial agencies under section 725 and appeals from government agencies within the exclusive jurisdiction of the courts of common pleas under section 933. *See* 42 Pa.C.S.

§ 763(c). Turning to section 933(a)(1)(ii), the courts of common pleas have jurisdiction over appeals from determinations of the Department regarding: (1) denial or suspension of registration pursuant to 75 Pa.C.S. § 1377; (2) denial, cancellation, suspension, or revocation of license or operating privilege pursuant to 75 Pa.C.S. § 1550; (3) suspension of certificate of appointment as an official inspection station pursuant to 75 Pa.C.S. § 4724(b); (4) suspension of certificate of authorization of a salvor pursuant to 75 Pa.C.S. § 7303(b); and (5) suspension of authorization of a messenger service pursuant to 75 Pa.C.S. § 7503(b).[17]

█ In examining the language of the applicable provisions we find the argument accepted by the Commonwealth Court, that there is a latent ambiguity caused by legislative inadvertence, unavailing. Admittedly, the plain reading of the statutes presents a statutory scheme whereby the appeal of suspensions of an emission inspector's certification will be litigated in a manner and forum different from the employer's appeal from any suspension of its certificate of appointment even though the litigation may arise from the same factual circumstances. We agree that it is certainly more logical and convenient to have the same court conduct hearings on both matters at the same time where the underlying charges rest upon the same facts. The fact that this scenario is more desirable, however, does not give rise to an inconsistency or a latent ambiguity. Rather, as the Commonwealth Court dissent points out, the result is a lack of symmetry in the statutory scheme. "There is nothing inherently inconsistent in the existence of two distinct statutory procedures for the resolution of the same disputes, even though the result may be a lack of symmetry in the area." *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609, 614 (1975). This is especially true where the station owner and the employee may have diametrically opposed

**17.** Section 7503 was abrogated in 2002, *see* Act 152 of December 9, 2002, P.L. 1278, but 42 Pa.C.S. § 933 has not been amended to reflect the same.

defenses to the charges and exposure to differing sanctions.[18] Thus, we do not consider such an approach to be absurd or unreasonable.

Contrary to the Commonwealth Court's conclusion, the use of the language "the court vested with jurisdiction of such appeals by or pursuant to Title 42" in section 4726(c) does not create a latent ambiguity. Rather, we find that it provides a clear reference to the Judicial Code as the source for determining which court is vested with jurisdiction to hear the statutory appeal. Section 4726(c), however, clearly is not among the five listed determinations of the Department over which the courts of common pleas have been granted jurisdiction by virtue of the exception provided in section 763(c) to the Commonwealth Court's exclusive jurisdiction of appeals from final orders of government agencies. Consequently, reading the applicable provisions of the Judicial Code strictly as written, we find that the Commonwealth Court erred by expanding the jurisdiction of the courts of common pleas beyond the plain terms of section 933(a)(1)(ii).[19]

18. *See*, for example, 67 Pa.Code § 177.602. Schedule of penalties for emission inspection stations, stating:

(b) *Assignment of points.* If the station owner, manager, supervisor or other management level employee was without knowledge of the violation, the Department may permit the station owner to consent to the acceptance of a point assessment for the station in lieu of suspension.

(1) The station owner bears the burden of proving that the station owner provided proper supervision of the employee who committed the violation, but that the owner's supervision could not have prevented the violation.

19. Mr. Chief Justice Castille's dissenting opinion primarily complains that our plain language interpretation fails in this case because it results in a statutory scheme that denies the parties' right of appeal. To the contrary, the result is the validation of Appellant's principal complaint. In his petition for review, the essence of his complaint is that his mechanic's certification was suspended without providing him a hearing that comports with section 504 of the AAL, followed by judicial review in the Commonwealth Court. *See* 2 Pa.C.S. §§ 504, 702. Section 504 provides: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings." Since the only hearing held in this case was

▆▆▆▆ As we noted in *Commonwealth ex rel. Cartwright v. Cartwright*, 350 Pa. 638, 40 A.2d 30 (1944),

[t]he intention and meaning of the Legislature must primarily be determined from the language of the statute itself, and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. This principle is to be adhered to notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact.

*Id.* at 33 (citation omitted). We need not inquire into the General Assembly's purpose in limiting jurisdiction of the courts of common pleas to only those five Vehicle Code appeals. The language of the Judicial Code requires no rationalizing. Rather, where the language of a statute is clear and unambiguous, a court may not add matters the legislature saw fit not to include under the guise of construction. *Commonwealth v. Tarbert*, 517 Pa. 277, 535 A.2d 1035, 1044 (1987). Any legislative oversight is for the General Assembly to fill, not the courts. *Cf. Harding v. City of Phila.*, 777 A.2d 1249 (Pa.Cmwlth.2001) (where the Unemployment Compensation Law identified two classes of benefit year maximum entitlements, Part D and Part E, and a different section specifically mentioned Part D but not Part E, the Court concluded that the General Assembly intended the omission to be an exclusion), *appeal denied*, 567 Pa. 767, 790 A.2d 1020 (2001).

▆▆▆▆ We acknowledge the logical force of PennDOT's argument that an oversight occurred when the General Assembly changed the penalty an inspector could incur for violating the emission inspection program from solely criminal to include civil consequences to an inspector's certification. *See* Penn-

admittedly "informal" and not stenographically recorded, it was not a valid adjudication under section 504. Under this scheme, a Title 2 hearing replaces the *de novo* hearing before the common pleas court for cases involving mechanic's suspensions, and each type receives judicial review as of right.

DOT's brief at 14 n. 8. Nonetheless, this is not the type of omission that can be remedied by judicial insertion of omitted words or phrases in a statute. Since the omission at issue directly implicates the grant of jurisdiction, it is one of constitutional import. *See* Pa. Const. Art. V, § 9 (providing for a constitutional right of appeal from all administrative or judicial determinations, and directing that "the selection of such court to be as provided by law"). If indeed there has been an oversight, the correction must come from the General Assembly in the form of an amendment to section 933(a)(1)(ii) of the Judicial Code.[20] Additionally, PennDOT's constitutional argument completely misses the mark. Section 5 of Article V of the Pennsylvania Constitution addresses the original jurisdiction of the court of common pleas. Here, instead, as previously noted, we are concerned with appeals from final orders of government agencies, and the applicable statutory provisions are 42 Pa.C.S. §§ 763 and 933.

Moreover, it is no surprise that the common practice has been to file appeals from the suspensions of both certificates of appointments and inspector's certifications in the courts of common pleas, as this is the procedure directed by the Department in the suspension orders. Furthermore, the difference in the appeals process has previously been noted in several Commonwealth Court cases, but was never challenged therein or reviewed by this Court. *See Snyder v. Dep't of Transp.*, 970 A.2d 523, 526 n. 3 (Pa.Cmwlth.2009); *Mihadas v. Dep't of Transp.*, 741 A.2d 249, 250 n. 1 (Pa.Cmwlth.1999). In

**20.** Mr. Justice Saylor's concurring opinion advocates for invocation of this Court's rulemaking authority pursuant to 42 Pa.C.S. § 503 to correct the asymmetrical appeal process in these types of cases. While this is a possible solution, it is by no means a certain one as section 503(b) further requires the rule to be approved by the General Assembly or by the General Assembly's failure to act within a certain time frame. Thus, relying only on our rulemaking authority would not ensure a resolution to this problem as the General Assembly may vote to disapprove of any such rule. Moreover, as this case involves an issue of first impression, the General Assembly may not have been aware of the difficulty created by the fact that section 4726(c) does not appear in section 933(a)(1)(ii)'s grant of jurisdiction to the common pleas courts. Our instant resolution may spur action without the need to engage in rulemaking.

fact, in *Mihadas,* the Commonwealth Court explicitly recognized that an appeal from an order suspending the license of a mechanic is "properly taken directly to the Commonwealth Court." *Id.* Nonetheless, the Commonwealth Court found that its jurisdiction was perfected because the issue was not raised below and, therefore, was waived.[21] Thus, it may be the established practice to file appeals under section 4726(c) in the courts of common pleas; however, such practice remains inconsistent with the statutory language. While the Commonwealth Court potentially may have been correct in concluding that the General Assembly intended to enact something different from the actual text of section 933, the Commonwealth Court was without authority to correct an omission and, therefore, violated established legal principles by disregarding the clear statutory language.

Accordingly, the Order of the Commonwealth Court is reversed and the case is remanded to that Court to direct PennDOT to conduct an administrative hearing on the question of Appellant's suspension in accordance with the terms of the Administrative Agency Law.

Jurisdiction relinquished.

Justices EAKIN, BAER and McCAFFERY join the opinion.

Justice SAYLOR files a concurring opinion in which Justice TODD joins.

Chief Justice CASTILLE files a dissenting opinion.

Justice SAYLOR, concurring.

I concur in the result reached by the majority, as I believe that reviewing courts should not, as an act of construction, insert a new item into an enumerated list appearing in a statute, whether or not they believe that the item's absence reflects legislative inadvertence. *Accord* Majority Opinion, at

---

**21.** 42 Pa.C.S. § 704 provides that the failure of an appellee to file an objection to the jurisdiction of an appellate court operates to perfect the appellate jurisdiction.

20–22, 40 A.3d at 1194–95. *See generally Vine v. SERS*, 607 Pa. 648, 667, 9 A.3d 1150, 1161–62 (2010) (observing that it is improper for reviewing courts to supply statutory omissions, even those resulting from legislative inadvertence (citing *Commonwealth v. Shafer*, 414 Pa. 613, 621, 202 A.2d 308, 312 (1964))). I cannot join all of the majority's reasoning, however, because I find the overall statutory scheme to contain, not only a lack of symmetry or convenience, *see* Majority Opinion, at 18, 40 A.3d at 1193, but an internal inconsistency that could not have been intended by the General Assembly.

The inconsistency occurs because, under Section 704 of the Administrative Agency Law, the reviewing court is required to "hear the appeal without a jury *on the record certified by the Commonwealth agency* " (emphasis added), 2 Pa.C.S. § 704, whereas, Section 4726(c) of the Vehicle Code states that the reviewing court "shall . . . *take testimony* and examine into the facts of the case. . . ." 75 Pa.C.S. § 4726(c) (emphasis added). *Cf.* Dissenting Opinion, at 26 & n. 2, 40 A.3d at 1199 & n. 2 (Castille, C.J.) (finding a "latent absurdity" in the statutory scheme). While it may perhaps be theoretically possible for the Commonwealth Court to conform to both directives, as by allowing PennDOT's agency-level record to be supplemented with in-court testimony, it seems evident that this could not have been what the General Assembly intended by the phrase, "on the record certified by the Commonwealth agency." *Cf.* Majority Opinion, at 17, 40 A.3d at 1192 (denying any inconsistency in the overall statutory scheme and rationalizing the "lack of symmetry" on the basis that the station owner and the mechanic may have opposing defenses).

I also disagree with the majority's suggestion that any solution to this difficulty can only come from the Legislature. *See id.* at 20–22, 40 A.3d at 1194–95. In this regard, as noted by the dissent, the General Assembly has given this Court the authority to alter jurisdictional assignments by means of rulemaking. The initial text of Section 933 states:

> Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of

appeals from final orders of government agencies in the following cases:....

42 Pa.C.S. § 933(a). In turn, Section 503 provides:

(a) **General rule.**—The Supreme Court may by general rule provide for the assignment and reassignment of classes of matters among the several courts of this Commonwealth and the magisterial district judges as the needs of justice shall require and all laws shall be suspended to the extent that they are inconsistent with such general rules.

42 Pa.C.S. § 503(a); *see also id.* § 503(b) (setting forth procedures by which the General Assembly may approve or disapprove the proposed general rule, and providing for approval based on the General Assembly's failure to act within a certain time period).

The grant of authority appearing in Section 933's initial text appears broad enough for this Court to specify by rule that Section 4726(c) appeals be heard, in the first instance, in the common pleas court. Moreover, I believe the same to be required by the needs of justice in order to remedy the difficulties described above, as well as in the majority opinion and the responsive one authored by Mr. Chief Justice Castille.

Justice TODD joins this concurring opinion.

Chief Justice CASTILLE, dissenting.

I respectfully dissent. I would affirm the decision of the Commonwealth Court to transfer this appeal of a routine administrative license suspension to the Dauphin County Court of Common Pleas. I am persuaded that the Commonwealth Court correctly assessed the intent of the General Assembly to provide a mechanic whose inspections certificate is suspended by the Department of Transportation ("Department"), *see* 75 Pa.C.S. § 4726, with an appeal and *de novo* evidentiary hearing in the court of common pleas. The Majority's reading of the statutory language, although certainly reasonable when viewed in isolation, directs a result whose practical consequences are unreasonable and absurd, a result which I believe the General Assembly could not have intended.

Section 4726 provides that "[a]ny mechanic whose certificate has been ... suspended under this chapter shall have the right to appeal to the court vested with jurisdiction of such appeals by [the Judicial Code]." 75 Pa.C.S. § 4726(c). The court vested with jurisdiction "shall set the matter for hearing ... and take testimony and examine into the facts of the case" to determine whether the mechanic's suspension should be upheld. *Id.* The Majority holds that, according to the plain language of Sections 763 and 933 of the Judicial Code, "the court vested with jurisdiction" over Section 4726 appeals is the Commonwealth Court. *See* 42 Pa.C.S. §§ 763(a), (c), 933(a). The Majority explains that the general rule governing appeals from Commonwealth agencies, like the Department, are within the jurisdiction of the Commonwealth Court. 42 Pa.C.S. § 763. As exceptions to the general rule, Section 933 of the Judicial Code lists several types of Department adjudications appealable to the court of common pleas. Because Section 4726 appeals are not listed in Section 933, the Majority concludes, they are to be decided by the Commonwealth Court.

It is well established that the object of statutory construction is to ascertain and effectuate legislative intent, and that the plain language of the statute is, as a general rule, the best indicator of legislative intent. *Commonwealth v. Zortman,* 23 A.3d 519, 525 (Pa.2011) (citing 1 Pa.C.S. § 1921(a)). But, the general rule is subject to several important qualifying precepts, including that the General Assembly "does not intend a result that is absurd, impossible of execution, or unreasonable." *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185, 189–90 (2005) (alternative construction of seemingly clear mandatory sentencing provision is warranted to avoid absurd incongruity with graduated sentencing scheme) (citing 1 Pa. C.S. § 1922(1), (2)); *accord Alekseev v. City Council,* 607 Pa. 481, 8 A.3d 311, 315–18 (2010) (Castille, C.J., dissenting) (alternative construction of public comment provision is warranted to avoid unreasonable practical ramifications of stricter reading). "Most importantly, the General Assembly has made clear that the rules of construction are not to be applied where

they would result in a construction inconsistent with the manifest intent of the General Assembly." *Shiffler*, 879 A.2d at 190 (citing 1 Pa.C.S. § 1901).

In my respectful view, this matter presents an instance in which an alternate interpretation of seemingly clear statutory language is warranted in order to effectuate the General Assembly's intent. My primary concern is that the process for judicial review of a mechanic's suspension sanctioned by the Majority fails to offer either the mechanic or the Department the opportunity to pursue a traditional appeal of right, *i.e.*, to obtain review of the findings of fact and conclusions of law on the existing record. The Majority approves a statutory scheme, which provides for: an evidentiary hearing before a Department examiner, 67 Pa.Code § 177.651; a *de novo* evidentiary hearing—in the guise of an "appeal"—in the Commonwealth Court, *see* 75 Pa.C.S. § 4726(c), 42 Pa.C.S. §§ 763(a), (c), 933(a); and a right for either party to request leave to appeal the Commonwealth Court's decision to this Court, *see* 42 Pa.C.S. §§ 724(a), 723, Pa.R.A.P. 1112 (petition for allowance of appeal). According to the parties, the hearing before the Department's examiner is informal and off the record, and no transcript is generated or available for a court's review. Section 4726 then provides the suspended mechanic with the right to **a second** full evidentiary hearing before a court of record. But, after that second "trial" (masquerading as an "appeal"), the mechanic has no opportunity to file a traditional "appeal" of right following either decision; additionally, the Department is provided no opportunity to seek appellate-style review as of right at either stage of the proceedings. Only review by permission in this Court, following the second, *de novo*, evidentiary hearing is available to the parties.[1]

1. The Majority misconstrues my position and responds that appellant is entitled to an administrative process and an appeal of right to the Commonwealth Court, which it says comports with Administrative Agency Law procedures. Majority Op., at 22 n. 20, 23, 40 A.3d at 1195 n. 20, 1196 (citing 2 Pa.C.S. §§ 504, 702). According to the Majority, this process should be sufficient to allay my supposed "primary complaint" and to vindicate appellant's principal complaint. While the Majority may be correct that its construction affords this particular

Neither party focuses on this particular effect of the Majority's "plain language" construction, but it seems apparent that this unusual two-trial "appeal" paradigm is at least problematic, if not flatly inconsistent with Article V, Section 9 of the Pennsylvania Constitution. Section 9 states in relevant part: "[t]here shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court. . . ." PA. CONST. Art. V, § 9. This statutory scheme, according to the plausible plain language interpretation of the Majority, denies

appellant the relief he seeks, it is not substantively responsive to my central position concerning the review paradigm, and ultimately raises more questions than it answers.

Under the plain language of Section 4726(c) (judicial review), the appellant is entitled to two trial-like proceedings and no **traditional** type of appeal by right; meanwhile, the Department is deprived of any form of appeal by right. The Majority seemingly believes that application of Administrative Agency Law Section 702 to mechanic's license suspension matters provides for an appeal of right for all parties. I respectfully disagree. Section 702 provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa.C.S. § 702. While Section 702 designates in which court the appeal is appropriate and seemingly affords the Department a right of appeal, judicial review of a suspension would nonetheless proceed under the specific provision applicable, Section 4726(c), and the terms I explain above. Section 702 does not change the atypical nature of a mechanic's appeal, and introduces the further complication of affording the Department and mechanics differing processes for appeal of the same adjudication. In my view, the General Assembly could not have intended such a tortured interpretation of the relevant provisions. The Majority does not explain adequately or reconcile its broad pronouncements regarding the Administrative Agency Law with the plain language of Section 4726(c).

I also note that, unlike the informal process currently employed by the Department, the Administrative Agency Law, 2 Pa.C.S. §§ 502–508 (Practice and Procedure of Commonwealth Agencies), requires all testimony to be stenographically recorded and a full and complete record to be kept of the proceedings; requires notice to the Department's representative in the Department of Justice of the Department's proposed action or defense; permits legal representation, examination and cross-examination of witnesses, briefing, and oral argument before the Department's examiner; and mandates that the Department issue adjudications in writing, to contain findings and the reasons for any adjudication. By its approach and holding here, the Majority establishes a major shift in practice which is incongruent with the relatively minor nature of these cases.

both the Department and the mechanic the right to have an appellate tribunal review legal issues. In my view, this result suggests a latent absurdity in the plain language.[2]

Notably, the procedure that would result from rote enforcement of the plain language of Section 4726 would make it a curious anomaly among other judicial review processes for related Vehicle Code adjudications. As the Department explains, the suspensions of the certificates of a mechanic and of the inspection station employing the mechanic are related because the same acts of the mechanic are, in many instances, the factual basis for imposing the suspensions. *See* Department's Brief at 9; *accord* 67 Pa.Code §§ 177.602(a)-(b), 177.603. But, unlike a suspended mechanic, the owner of an inspection station with a suspended certificate of appointment may appeal the Department's adjudication to the court of common pleas of the county where the inspection station is located, *see* 75 Pa.C.S. § 4724(b), 42 Pa.C.S. § 933(a). After a *de novo* evidentiary hearing in the court of common pleas, the decision is appealable of right to the Commonwealth Court, by either party. 42 Pa.C.S. § 762(a)(3). Finally, either party may request leave to appeal the Commonwealth Court's decision to this Court, as a discretionary matter. 42 Pa.C.S. § 724(a). The process is similar for adjudicating criminal charges against a mechanic arising from the same acts as his suspension. After adjudication in traffic court—a court not of record—a mechanic may pursue, as of right, an appeal requiring a *de novo* hearing in the court of common pleas. Pa. R.Crim.P. 460; *see, e.g., Commonwealth v. Grey,* 298 Pa.Super. 525, 445 A.2d 112 (1982). Either party then has a right to appeal the common pleas decision to the Superior Court, and may request further leave to appeal the Superior Court decision to this Court. *See Grey;* 42 Pa.C.S. § 724(a). These processes encompass the conventional approach to judicial

2. My conclusion regarding the "latent absurdity" in Section 4726(c) is distinct from the Commonwealth Court's finding of a "latent ambiguity" in the same provision. Indeed, I agree with the Majority's criticism of the Commonwealth Court's finding, *see* Majority Op. at 19, 40 A.3d at 1193, although I also note that the lower court's decision was in large part driven by the parties' theories of the case and briefing.

review and utilize our courts in their traditional roles: the courts of common pleas as courts of first instance, and the Commonwealth Court as an appellate court conducting error review on the existing record.[3] In my respectful view, I believe it unlikely that the General Assembly intended to single out cases involving mechanics challenging suspensions as instances where appeals of right should not be permitted, despite the constitutional right of appeal.[4]

Finally, I am further persuaded that the Majority's interpretation is contrary to the General Assembly's intent because of the administrative inefficiencies that the plain language interpretation of the relevant provisions creates. The General Assembly is certainly familiar with the classes of matters on which the Commonwealth Court holds evidentiary hearings, and routine administrative suspensions, equivalent to summary criminal offenses, are generally not among them. *See generally* 42 Pa.C.S. § 761. Nonetheless, the procedure pre-

3. There are instances where the Commonwealth Court acts, in effect, as a trial court, and direct appeals lie with this Court; and there are cases where direct appeals from trial courts proceed to this Court (such as capital matters). But, in both of those scenarios, a traditional appeal as of right is preserved. The scheme here provides no traditional manner of appeal, a lacunae which calls for an examination beyond the plain language.

4. Appellant's principal theory of the case is that his suspension is void *ab initio* because the Department issued its adjudication in his absence and in violation of his due process rights. According to appellant, the Department should have conducted an on the record agency hearing appealable to the Commonwealth Court, in accord with the Commonwealth agency procedures of the Administrative Agency Law. *See* 2 Pa.C.S. §§ 504, 702. In the context of this claim, appellant also argues that "the alleged 'oversight' was the inclusion of [S]ection 4724(b) of the Vehicle Code within the provisions of Section 933 of the Judicial Code rather than the exclusion of Section 4726(c)." Appellant's Brief at 28 (emphasis omitted). Appellant seems to suggest that the Administrative Agency Law offers the appropriate adjudication and review procedure for Motor Vehicle Code suspensions. In my view, the Commonwealth Court properly rejected appellant's argument in light of Section 4726(c), which includes a specific review procedure, *i.e.*, a *de novo* hearing in a court of record. Moreover, appellant's suggestion that the legislative oversight was to list Section 4724(b) among Section 933 adjudications appealable to the court of common pleas is unavailing in light of the infirmities, described *supra*, from which the Section 4726(c) procedure suffers.

scribed by the Majority requires the Commonwealth Court to step out of its traditional role and be tasked to hold evidentiary hearings in these fact-bound, routine matters involving minor offenses. It is unlikely in the extreme that the General Assembly consciously intended to so burden the Commonwealth Court. The General Assembly also is not likely to have intended the dissipation of judicial resources necessitated by the use of dissimilar and parallel judicial processes in related cases which the parties could choose to consolidate for the purposes of evidentiary hearings, if such hearings were in the same forum. The availability of consolidation would also release litigants and witnesses from the burdens of appearing multiple times, and in different tribunals, and from the risk of inconsistent adjudications.

But, the Majority rejects any requirement of symmetry between the judicial process afforded mechanics facing suspension and the process provided inspection station owners following suspension of their certificate of appointment, according great deference to the plain language of Section 933, no matter how absurd or unreasonable. *See* Majority Op. at 18–20, 40 A.3d at 1193–94. In my respectful view, a proper decision here requires a broader perspective and, for the reasons I have explained, the general rule that the plain language of the statute is the best indicator of legislative intent fails us here. In this instance, the effect on the parties' right of appeal, against the background of the full legislative scheme, persuades me that the omission of Section 4726(c) from the list of appeals over which the court of common pleas has jurisdiction was not simply an inconsistency supported by unclear legislative policy or even benign inadvertence, but is demonstrably contrary to the General Assembly's intent in devising the statutory scheme governing the suspension of a mechanic's inspection certificate by the Department.[5]

---

5. I am aware of the Judicial Code provision which states that this Court may reassign classes of matters among the several courts of this Commonwealth "by general rule," subject to the approval or disapproval of the General Assembly. *See* 42 Pa.C.S. § 503. Thus, after concluding that the intent of the General Assembly was to provide *de novo* hearings in Section 4726(c) appeals in the Commonwealth Court, this

32

Court could act to reassign these appeals to the court of common pleas. But, unless the burden on the Commonwealth Court becomes onerous to an extreme, the justification to undertake this process will be absent, in light of the Majority's conclusion that the intent of the General Assembly was clearly to the contrary.